## HENRY M. HOLBROOK *versus* REUBEN WATERS Junior and Trustees.

The interest of a husband in a legacy accruing to his wife during the coverture, is subject to be attached in the hands of the executor, by the trustee process, at the suit of a creditor of the husband.

Such attachment may be made before a decree of distribution.

One summoned as trustee appeared and answered at the return term, and questions of law arose upon his answers ; the action was continued one term in the Common Pleas and then brought up to this Court ; at the first term in this Court an argument was had on the questions of law, and the case was continued nisi for advisement ; and at the next term the questions were decided. It was *held*, that under Revised Stat. *c.* 109, § 49, 50, the respondent was entitled to tax costs for travel at each term, and for full attendance at each term except the last, and for three days attendance at that term ; and for the clerk's fees ; and a reasonable sum was allowed him for counsel fees ; but an attorney's fee at either court was disallowed.

The fact that one of several trustees was a counsellor of this Court and that he appeared as their counsel, was *held* to be immaterial, in respect to the allowance of a reasonable sum for counsel fees.

By the answers of the trustees it appears, that they are joint executors of the will of Abijah Davis ; that they have in their hands a sum of money, thirty shares in the Oxford bank, subject to some debts and liabilities of the testator's estate, and thirty shares in the same bank, the income of which is to be paid to the testator's widow during her life ; and that Mary Waters, a daughter of the testator, was at his death and now is the wife of the defendant, and on a final settlement of the estate will be entitled, under the will, to a share of each of the three funds above mentioned.

*Oct.* 11*th*,
1836.

*Newton*, *Lincoln* and *Clark*, for the plaintiff.

*Barton*, for the trustees, made a distinction between the several funds, and he contended that the wife's interest in each of them was contingent until fixed by a decree of distribution.

*Morton* J.   The only question now before us is, whether the trustees are chargeable or not.   Should any controversy hereafter arise in relation to the amount, it must be decided upon a *scire facias* founded upon a return of the execution.

Formerly executors and administrators were not liable to be summoned as trustees.   But by the Revised Stat. *c.* 109, § 62, " any debt or legacy due from an executor or administrator, and any other goods, effects and credits, in the hands of an executor or administrator as such, may be attached in his hands by the process of foreign attachment."   This provision extends to the case under consideration.   The claim to a legacy or distributive share cannot be said to be " depending upon any contingency," within the meaning of the 30th section of the statute cited ; because it can be ascertained by the settlement of the estate, whether there are assets sufficient for the payment.   And when necessary, the court will continue the case, so that they may preserve to the creditor the benefits of the statute, without exposing the trustee to the liability of paying out of his own funds.   But the case before us does not come within the objection ; for the executors, in their answers, admit that they have assets.

The circumstance that the legacy was given to the wife of the principal defendant, will not diminish the liability of the trustees.   All property which accrues to a *feme covert*, whether by descent, donation or her own services, forthwith vests in the husband, either absolutely or conditionally.   *Shuttleworth* v. *Noyes*, 8 Mass. R. 229 ; *Clapp* v. *Stoughton*, 10 Pick. 468 ; *Commonwealth* v. *Manley*, 12 Pick. 173 ; *Goddard* v. *Johnson*, 14 Pick. 352.   In either case, it is liable to foreign attachment.   If it vest absolutely in the husband, there can be no doubt that it may be attached for his debts.   If it vest conditionally, like her choses in action, the husband has an option either to reduce it to possession and make it absolutely his own, or to leave it for the survivorship of the wife.   But the law, in its wise care of the rights of creditors, makes this very option attachable and enables the creditor, by means of the

Holbrook
v.
Waters
and Trs.
trustee process, to exercise it as far as may be necessary for the satisfaction of his debt. As the husband may be induced by his very indebtedness to refuse to exercise this qualified right, and thereby to reserve to himself and family the income of property which ought to be applied to the payment of his just debts, so the statute comes in and enables the creditor, by the means of a foreign attachment, to defeat the fraudulent intent of the husband and to transfer this right to himself and to avail himself of it, as he would of any other property of the debtor, for the payment of the debt. [See *Page v. Estes, ante, p* 269 ; *Wheeler v. Bowen & Tr.*, 20 Pick. 563.]

*Trustees charged.*

Oct. term
1837.
This action was commenced at June term 1836 of the Common Pleas, and by agreement of parties John Weatherell, one of the three executors, answered at that term for all of them. Questions of law arising on the answers, were presented to the court, by counsel, and the action was continued to the September term, when an appeal was claimed. The appeal was entered in this Court at October term 1836, and the questions of law were argued by counsel ; and the cause was continued for advisement to the next term, in April 1837, when the foregoing opinion was delivered and the trustees were charged. One of the trustees was a counsellor of this Court, and he appeared as their sole counsel. The trustees now presented to the Court for allowance, a bill of costs, in which they taxed for each term the full travel and attendance of the trustee who answered, as a party, — an attorney's fee in each court, — the clerk's fees for entering the claim of appeal, for entering the appeal, for copies of the case, for copies for the full Court, and for entering a continuance, — and a sum for counsel fees.

SHAW C. J. The Revised Statutes, among many great changes in the law, which are becoming developed as they are more and more known and practised on, have made very considerable alterations in the practice under the trustee process.

By the law as it now stands, Revised Stat. c. 109, § 49, 50, 51, trustees who appear at the first term, are at all events and in all cases, to recover costs. If charged as trustees, they are to deduct their costs from the funds in their hands ; if

they are discharged, they are to tax them against the plaintiff. The provision is, that the trustee shall be allowed his costs for travel and attendance, and such further sum as the court shall think reasonable, for his counsel fees and other necessary expenses.

These provisions are certainly not free from doubt; and questions may arise, which will require much consideration. For instance, where a trustee comes in at the first term and makes his answer, or makes his answer at the next succeeding term, the cause may remain long in court, in litigation between other parties, until the determination of which there may be no formal adjudication, charging or discharging him. Shall he have travel and attendance at every term? Under the old statute it was held that he could not. *Hoyt* v. *Sprague*, 12 Pick. 414. There is certainly a strong inducement, on the part of trustees, as the law now stands, to keep the cause pending.

In the present case, the Court are of opinion that the statute did not intend to allow an attorney's fee, the discretionary allowance for counsel fees and other expenses, being intended as a substitute. But as " travel and attendance," are terms which have been long known and understood, in the taxation of costs, the opinion of the Court is, that the legislature intended to use them in the same sense, in which they have heretofore been used in taxing costs, for trustees and parties, according to the fee bill, and subject to the same rules of application, in regard to the number of days attendance and miles travel, as have heretofore been applied.

The Court are of opinion, that the attorney's fee in both courts, taxed in this bill, is to be stricken out, and in lieu of them the sum of $ 15 allowed as counsel fees. The circumstance, that one of the trustees was a counsellor of this Court, in our opinion makes no difference.

We also are of opinion, that conformably to former practice, full attendance ought not to be taxed for the April term, at which the opinion of the Court in the principal case was delivered, but in lieu thereof, three days   With these corrections, the costs a e allowed, as taxed.